IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD N. GALBRAITH, Executor of the ESTATE OF NELSON GALBRAITH,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA; ANGELO OZOA, M.D., individually and as an agent of Santa Clara County,<br><br>  Defendants.<br>_____/ | No. C 03-2506 JSW<br><br>**ORDER RE DISCOVERY DISPUTE** |

The Court has received the parties' joint letter brief outlining their discovery dispute regarding the scope of Massoud Vameghi, M.D.'s deposition. Having reviewed the parties' positions, the Court has determined that a hearing on this dispute is unnecessary.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ.P. 26(b)(1). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (internal quotes and citation omitted). The parties dispute whether evidence regarding an autopsy performed two and a half years after the autopsy at issue in the above-captioned case is relevant to Plaintiff's civil rights claim against the County in demonstrating an official County policy or custom. The Ninth Circuit has held that "'post-event evidence' may be used to prove the existence of a municipal policy in effect" at the time of the event. *Henry v. County of Shasta*, 132 F.3d 512, 518 (9th Cir. 1997). Thus, the Court concludes that deposing Dr. Vameghi

regarding a post-event autopsy is "reasonably calculated to lead to the discovery of admissible evidence." *See Surfvivor Media*, 406 F.3d at 635. Accordingly, the Court HEREBY ORDERS that Dr. Vameghi shall answer such questions at his deposition.

**IT IS SO ORDERED.**

Dated: September 13, 2005

JEFFREY S. WHITE
(by Phyllis J. Hamilton)
UNITED STATES DISTRICT JUDGE