IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD N. GALBRAITH, Executor of the ESTATE OF NELSON GALBRAITH,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA; ANGELO OZOA, M.D., individually and as an agent of Santa Clara County,<br><br>    Defendants.<br>                                                                    / | No. C 03-02506 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 28, 2005:

The Court **tentatively GRANTS IN PART and RESERVES IN PART** the motion for summary judgment filed by defendants the County of Santa Clara and Angelo Ozoa, M.D. (collectively, "Defendants"). The Court tentative GRANTS Defendants' motion as to Plaintiff's claims against Dr. Ozoa but tentatively RESERVES RULING on Defendants' motion as to Plaintiff's claims against the County. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional

authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have fifteen minutes to address the following questions:

(1) If the Court concludes that the prosecutor made an independent decision to file charges against and prosecute Galbraith and that Dr. Ozoa's autopsy and findings were not central factors in her decision, what County policy, practices or procedures do Plaintiff contend caused Galbraith to be arrested and prosecuted for murder? What evidence is there in the record, if any, of such policy, practices or procedures?

(2) Plaintiff contends that the presumption of prosecutorial independence does not apply to the Section 1983 claim against the County? Do Defendants agree or disagree? What authority supports the parties' respective positions?

(3) Plaintiff presents evidence that, if true, would demonstrate that the initial investigation of Mrs. Galbraith's death as a homicide was triggered by Dr. Ozoa's conclusion that it was a homicide. Therefore may be *some* evidence of causation. If the higher standard necessary to rebut the presumption of prosecutorial independence does not apply (i.e. that Dr. Ozoa's report and conclusions "were instrumental in causing the filing and prosecution of the criminal proceedings"), on what basis do defendants contend that summary judgment may be granted for the County?

(4) Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: October 27, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE