IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONALD N. GALBRAITH, Executor of the
ESTATE OF NELSON GALBRAITH,

    Plaintiff,

  v.

COUNTY OF SANTA CLARA; ANGELO
OZOA, M.D., individually and as an agent of
Santa Clara County,

    Defendants.
                                       /

No. C 03-2506 JSW

**NOTICE OF TENTATIVE
RULING AND QUESTIONS RE
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ON THE
MONELL CLAIM**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 24, 2006:

    The Court **tentatively GRANTS** the motion of defendants County of Santa Clara and Angelo Ozoa, M.D. (collectively "Defendants") for summary judgment regarding plaintiff Donald N. Galbraith, executory of the estate of Nelson Galbraith's ("Plaintiff") claim against the County pursuant to *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978).  The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civ. L.R. 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have fifteen minutes to address the following questions:

(1) Is the prosecution of Galbraith allegedly without probable cause the constitutional violation underlying the *Monell* claim? If not, what is the alleged underlying constitutional violation?

(2) To bring a successful *Monell* claim against a municipal entity based on the conduct made by an employee, the conduct must have been made by one of the municipality's authorized decisionmakers, *i.e.* by an official who "possesses final authority to establish municipal policy with respect to the challenged action." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-81 (1986). What authority and evidence in the record supports Plaintiff's contention that Dr. Oza was the final decision maker with respect to the County's decision to file charges against and prosecute Galbraith?

(3) "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original). Thus, a court's "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id*; *see also Board of County Commissioner of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.") (emphasis in original). Even if the *presumption* of prosecutorial independence does not apply, the County may still demonstrate that the decision of the District Attorney to file charges and prosecute Galbraith was a superceding or independent intervening cause that breaks the causal link between Dr. Ozoa's conduct, or any of the alleged polices or practices of the Office of the Santa Clara County Medical Examiner, and Galbraith's alleged constitutional injury. In light of County's evidence that Linda Condron's decision to file charges was made a year and a half after the Dr. Ozoa conducted the

autopsy and that she did not rely on his autopsy report in making her decision, on what evidence to the contrary in the record does Plaintiff rely to demonstrate the conduct by Dr. Ozoa, or any of the alleged polices or practices of the Office of the Santa Clara County Medical Examiner, were the "moving force" of the decision to file charges against and prosecute Galbraith?

(4)  Do the parties have anything further to add?

Dated: March 23, 2006

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3