JAMES E. TOWERY -- BAR NO. 74058
ALISON P. BUCHANAN -- BAR NO. 215710
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax: (408) 287-2583

ANN MILLER RAVEL -- BAR NO. 62139
WINIFRED BOTHA -- BAR NO. 139357
ARYN HARRIS – BAR NO. 208590
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, 9th Floor East Wing
San Jose, California 95110
Phone: (408) 299-5900
Fax: (408) 292-7240

Attorneys for Defendants
COUNTY OF SANTA CLARA and
ANGELO OZOA, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

| | |
|---|---|
| DONALD N. GALBRAITH, Executor of the ESTATE OF NELSON GALBRAITH<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SANTA CLARA, a body corporate and politic; ANGELO OZOA, M.D., individually and as an agent of SANTA CLARA COUNTY; DOES 1 through XX,<br><br>Defendants. | No. C 03-2506 JSW<br><br>STIPULATION AND [~~PROPOSED~~] ORDER REGARDING EXPERT DISCOVERY<br><br><br><br>THE HONORABLE JEFFREY S. WHITE |

1. WHEREAS, the Court has issued an Order requiring the parties to complete their Federal Rules of Civil Procedure Rule 26(a)(2) expert exchange on or before September 4, 2007;

2. WHEREAS, the parties wish to opt out of the requirements set forth in Federal Rules of Civil Procedure Rule 26(a)(2), and instead agree to exchange a list including the name, address, and general description of expertise of each and every expert witness

-1-

whose oral or written testimony in the form of an expert opinion any party expects to offer at trial **on or before September 4, 2007**.

3. The parties further agree to exchange an expert witness declaration signed by the attorney for the party designating the expert **on or before September 11, 2007**. The declaration shall be under penalty of perjury and, pursuant to the California Code of Civil Procedure, shall contain:

  a) A brief narrative statement of the qualifications of each expert;

  b) A brief narrative statement of the general substance of the testimony that the expert is expected to give;

  c) A representation that the expert has agreed to testify at trial;

  d) A representation that the expert will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that the expert is expected to give at trial; and

  e) A statement of the expert's hourly and daily fee for providing deposition testimony and for consulting with the retaining attorney.

4. WHEREAS, the parties agree that a complete copy of each expert's entire file will be provided to any adverse party at least **10 days** prior to that expert's deposition. The parties agree to notify each expert to retain whatever materials presently exist in his or her file.

5. WHEREAS, the parties agree that **on or before September 24, 2007**, any party who engaged in the exchange may submit a supplemental expert witness list containing the name and address of any experts who will express an opinion on a subject to be covered by an expert designated by an adverse party to the exchange, if the party supplementing an expert witness list has not previously retained an expert to testify on that subject. This supplemental list shall be accompanied by an expert witness declaration under paragraph 3 of this stipulation concerning those additional experts, and by all discoverable reports and writings, if any, made by those additional experts.

-2-
STIPULATION AND [PROPOSED] REGARDING EXPERT DISCOVERY - No. C 03-2506 JSW
\\HFJAFS\NDrive\65382\Ple\277194.doc

6. WHEREAS, the parties agree to and intend to waive the Federal Rule of Civil Procedure Rule 26(a)(2) requirement that experts prepare reports.

7. WHEREAS, this agreement is made in the interest of justice in order save all parties time and expense.

8. WHEREAS, this agreement is made in good faith and is not made for purposes of delay.

IT IS SO STIPULATED.

DATED: August 30, 2007

By /s/ _____
MICHAEL GOLDSMITH
Attorney for Plaintiff
Estate of Nelson Galbraith

DATED: August 30, 2007

HOGE, FENTON, JONES & APPEL, INC.

By /s/ _____
ALISON P. BUCHANAN
Attorneys for Defendants
County of Santa Clara and
Angelo Ozoa, M.D.

## [PROPOSED] ORDER

The Court, having reviewed the foregoing Stipulation of the parties, and good cause appearing therefore, hereby orders as follows:

IT IS HEREBY ORDERED as follows:

1. Rule 26(a)(2) is deemed waived and experts shall not be required to prepare expert reports. In lieu of the Rule 26(a)(2) requirements, the parties shall exchange a list including the name, address, and general description of expertise of each and every expert witness whose oral or written testimony in the form of an expert opinion any party expects to offer at trial **on or before September 4, 2007**.

2. The parties shall exchange an expert witness declaration signed by the attorney for the party designating the expert **on or before September 11, 2007**. The declaration shall be under penalty of perjury and shall contain:

   a) A brief narrative statement of the qualifications of each expert;

   b) A brief narrative statement of the general substance of the testimony that the expert is expected to give;

   c) A representation that the expert has agreed to testify at trial;

   d) A representation that the expert will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that the expert is expected to give at trial; and

   e) A statement of the expert's hourly and daily fee for providing deposition testimony and for consulting with the retaining attorney.

3. A complete copy of each expert's entire file shall be provided to an adverse party at least **10 days** prior to that expert's deposition. The parties shall notify each expert to retain whatever materials presently exist in his or her file.

4. **On or before September 24, 2007**, any party who engaged in the exchange may submit a supplemental expert witness list containing the name and address of any experts who will express an opinion on a subject to be covered by an expert designated by an

-4-

adverse party to the exchange, if the party supplementing an expert witness list has not previously retained an expert to testify on that subject. This supplemental list shall be accompanied by an expert witness declaration under paragraph 2 of this Order concerning those additional experts, and by all discoverable reports and writings, if any, made by those additional experts.

IT IS SO ORDERED.

DATED: September 4, 2007

_____
THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT COURT